IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:03CR352 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| CARMEN L. CARDE, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant, Carmen L. Carde, pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute marijuana, and, on December 30, 2004, was sentenced by the undersigned to a term of 30 months imprisonment. Carde, who is now serving her sentence at the Federal Prison Camp in Pekin, Illinois, has filed a "motion to compel" (filing 101), requesting that the Federal Bureau of Prisons (BOP), the prison camp, and the warden be ordered to comply with Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006). In Fults, decided on April 6, 2006, the Eighth Circuit invalidated a BOP regulation which limited the time that an inmate may serve in a Community Correctional Center (CCC) to 10% of his or her sentence. Carde alleges that under Fults she will be eligible for transfer to a CCC on or about August 15, 2006, when 6 months will remain on her sentence, but that the BOP is refusing to apply Fults to inmates who are housed in facilities outside the Eighth Circuit. In other words, Carde will not be allowed more than 3 months in a halfway house.

In this circuit, a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 has been held to be an appropriate method to obtain relief under Fults. See, e.g., Durst v. Morrison, No. Civ. 06-13 ADM/RLE, 2006 WL 1428261 *3 (D. Minn. May 22, 2006) (citing Fults; Elwood v. Jeter, 386 F.3d 842, 845 (8th Cir. 2004); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243 (3rd Cir. 2005)).[1] However,

---

[1] But see Richmond v. Scibana, 387 F.3d 602 (7th Cir. 2004) (prisoner was required to exhaust administrative remedies and file suit under Administrative Procedure Act).

jurisdiction for a "core" habeas petition challenging present physical confinement lies only in the district of confinement.  See Rumsfield v. Padilla, 542 U.S. 426, 443 (2004) (also holding that the proper respondent is the warden of the facility where the prisoner is being held).[2]  Thus, even treating Carde's motion as a habeas petition, it must be denied.

IT IS ORDERED that Defendant's "motion to compel" (filing 101) is denied without prejudice.

July 3, 2006.                                      BY THE COURT:

                                                   s/ *Richard G. Kopf*
                                                   United States District Judge

---

[2] Previously, the rule in the Eighth Circuit was that a federal prisoner could file a § 2241 petition in the district of confinement, in the United States District Court for the District of Columbia, or in any district where the BOP maintains a regional office. See United States v. Chappel, 208 F.3d 1069 (8th Cir. 2000) (per curiam).